1  Peter Y. Lee (SBN 165926)
   Matthew J. Soroky (SBN 258230)
2  **LEE, HONG, DEGERMAN, KANG & WAIMEY**
   A PROFESSIONAL CORPORATION
3  660 South Figueroa Street, Suite 2300
   Los Angeles, CA 90017
4  Telephone: (213) 623-2221
5  Facsimile: (213) 623-2211

6  Attorneys for Plaintiff
   EHY, INC.
7

FILED
CLERK, U.S. DISTRICT COURT
AUG 2 0 2012
CENTRAL DISTRICT OF CALIFORNIA
BY                                DEPUTY

8              UNITED STATES DISTRICT COURT
9              CENTRAL DISTRICT OF CALIFORNIA
10                    WESTERN DIVISION
11

12 | EHY, INC., a California corporation,        | Case No. CIV12-2265 PA (AGRx)
13 |           Plaintiff,
14 |     v.                                       | **STIPULATION FOR PROTECTIVE ORDER**
15 | JUNG WOO METAL INDUSTRIES,
   | CO., LTD., a Korean corporation;
16 | NUNG WON METAL INDUSTRIES,
17 | CO., LTD., a Korean corporation; AND
   | DOES 1 through 10, inclusive,
18 |                                               | **NOTE CHANGES MADE BY THE COURT**
   |           Defendants.
19

20 | JUNG WOO METAL INDUSTRIES,
   | CO., LTD., a Korean corporation;
21 | NUNG WON METAL INDUSTRIES,
22 | CO., LTD., a Korean corporation; and
   | DOES 1 through 10, inclusive,
23 |                                               | **NOTE CHANGES MADE BY THE COURT**
   |           Cross-Complainants,
24

25 |     v.
26 | EHY, INC., a California corporation,
27 |           Cross-Defendants.
28

Case 2:12-cv-02265-PA-AGR   Document 32   Filed 08/15/12   Page 2 of 11   Page ID #:193

## STIPULATION FOR PROTECTIVE ORDER

Plaintiff EHY, INC. ("Plaintiff"), on the one hand, and Defendants JUNG WOO METAL INDUSTRIES, CO., LTD. and NUNG WON METAL INDUSTRIES, CO., LTD. ("Defendants"), on the other hand, jointly stipulate to the following protective order ("Protective Order") to expedite the flow of discovery materials, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that only materials the parties are entitled to keep confidential are subject to such treatment, and to ensure that the parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial.

WHEREAS:

A.  Documents or information containing confidential, private information and/or trade secrets ("Confidential Material") may be disclosed or produced during the course of discovery in this litigation;

B.  The parties to this litigation may assert that dissemination and disclosure of Confidential Information could severely injure or damage the party disclosing or producing the Confidential Information and/or could place that party at a competitive disadvantage; and

C.  To protect the respective interests of the parties and to facilitate the progress of disclosure and discovery in this case,

IT IS THEREFORE HEREBY STIPULATED AND AGREED, as follows:

1.  This Protective Order shall apply to all information, documents and things subject to discovery in this Action produced either by a party or, if requested, a non-party in discovery [AGR] or during settlement communications in this Action, including, without limitation, testimony adduced at deposition upon oral examination or upon written questions, answers to interrogatories, documents and things produced, information obtained from inspection of premises or things, and answers to requests for admission and information and documents disclosed pursuant to subpoena (collectively "Discovery Material").

STIPULATION FOR PROTECTIVE ORDER

Case No. CIV12-2265 PA (AGRx)

CHAMBER'S COPY

2. The following definitions are used in this Order:

(a) "Writing" shall have the broadest possible meaning as defined in Rule 1001 of the Federal Rules of Evidence; (ii) any and all tangible things upon which any handwriting, typing, printing, drawing, picture, representation, photostatic copy, magnetic or electrical impulse, or other form of communication is recorded or produced; (iii) floppy disks, hard disks, compact discs (CD's), digital versatile discs (DVD's), magnetic tape or computer memory; (iv) written discovery responses and the contents thereof, including, without limitation, responses to interrogatories, requests for admission, and document requests; (v) deposition transcripts and their contents; (vi) trial or hearing transcripts and their contents and; (vii) any other physical means or medium of recording or storing information.

(b) "Counsel of record" means the attorneys of record in this proceeding, their partners and associates, paralegals, clerks, assistants and other persons employed or engaged by such attorneys, all of whom shall be and are bound by the provisions of this Order.

(c) "Person" shall mean, in the plural as well as in the singular, any individual, corporation, firm, association, partnership, business trust, governmental body or any other legal or business entity.

(d) "Party" shall mean, in the plural as well as the singular, any named plaintiff, defendant or cross-defendant in this action, and shall include any present directors, officers, or employees of any party.

3. Any party shall have the right to designate any Writing, testimony, or other information derived therefrom, as "Confidential" under the terms of this Order. Confidential writings, testimony or information is that which the designating party reasonably believes: (a) constitutes proprietary information, confidential business information, information that may for any business or competitive purposes need to be protected from disclosure, trade secrets, and/or information in which the party or third

1. parties have a privacy interest or (b) is subject to protection from disclosure, or limitation upon disclosure, under applicable law.

4. "Confidential Material" refers to information designated as "Confidential" under the terms of this Order. Confidential Material does not include any Writings or other information lawfully obtained or produced by a party outside of this case, or any information that was rightfully a matter of public record without any violation of this Order or of any person's rights, including but not limited to the right of privacy and the protection of trade secrets. However, nothing in this Order shall affect the rights of any party to enforce any rights which, independent of this Order, it may have regarding the confidentiality of Writings and other information.

5. Any party may designate Writings (including any portions thereof and any information contained therein) as Confidential Material by stamping or placing a label on those Writings stating "CONFIDENTIAL" without obscuring the Writings. Placing such a stamp or label on the cover of any multi-page writing shall designate all pages of the writing as Confidential Material unless otherwise indicated by the designating party. It is agreed that trial exhibits, including enlargements and excerpts of Confidential material, may have the "Confidential" label removed, although said unlabeled exhibits shall still remain subject to this Order.

6. All deposition testimony, including oral testimony, deposition transcripts and the information and exhibits contained therein, shall initially be treated as "Confidential" and shall be included within the terms of this Order without the necessity of so designating the testimony. Unless otherwise expressly agreed on the record by counsel of record at a deposition, upon transcription of the deposition, counsel of record shall have twenty (20) days after receipt of the transcript to notify the deposition reporter and other counsel of record in writing of the portions of the transcript (or its entirety) to be designated as Confidential Material. Depositing the written notice in the United States mail within such twenty (20) days shall be deemed timely compliance with this requirement. All other portions, or the entire transcript if no such designation is made, shall not be Confidential

1 Material and shall not be within the terms of this Order. All deposition testimony shall be
2 treated as "Confidential" until expiration of the twenty (20) day period set forth above. All
3 deposition transcripts in this case shall bear the words 'CONTAINS CONFIDENTIAL
4 MATERIAL – SUBJECT TO PROTECTIVE ORDER – unless all parties agree otherwise.

5     7. The material designated as "Confidential" under this Order, the information
6 contained therein, and any summaries, copies, extracts, or other writings derived in whole
7 or in part from the material designated as "Confidential" shall be used only for the conduct
8 of this litigation, and shall not be used or disclosed to any person or entity for any other
9 purpose, including, without limitation, any business, proprietary or commercial purpose.
10 Such Confidential Material may not be disclosed to any entity or person other than:

11     (a) The parties' Counsel of record and such counsel's partners,
12 employees or associates to whom such disclosure is reasonably deemed
13 necessary by such counsel for the conduct of this litigation;

14     (b) The parties, officers, directors, and employees of any party to
15 this litigation but only to the extent that such disclosure is reasonably deemed
16 necessary by Counsel of record for the conduct of this litigation, and provided
17 further that the officers, directors or employees of such party may retain
18 Confidential Material only as long as necessary for the conduct of this
19 litigation and may not use such Confidential Material for any purpose other
20 than the conduct of this litigation, and subject to paragraph 8 below;

21     (c) Court Reporters while in the performance of their official duties,
22 subject to paragraph 8 below;

23     (d) Independent expert(s) and consultant(s) retained by or associated
24 with any party in order to assist its counsel in the conduct of this litigation,
25 but only to the extent that such disclosure is reasonably deemed necessary by
26 such counsel for performance of such assistance, and provided that such
27 expert(s) or consultant(s) may retain Confidential Material only as long as is
28 necessary for the performance of such assistance and may use such

Case 2:12-cv-02265-PA-AGR   Document 32   Filed 08/15/12   Page 6 of 11   Page ID #:197

information only for providing assistance to counsel in this litigation, subject to paragraph 8 below;

(e) The Court or any other court, arbitrator or mediator before whom or which this litigation is pending, including any Court or arbitration personnel, subject to paragraphs 12 and 13 below;

(f) Persons who have prepared or assisted in the preparation of such documents, or to whom the documents or copies thereof were addressed or delivered, but only to the extent that such disclosure is necessary for the conduct of this litigation, and provided that such persons may not retain any Confidential Material and may not use such confidential information for any purpose other than the conduct of this litigation, and subject to paragraphs 8 and 11 below; and

(g) Any other person as to whom the parties agree, in writing, prior to disclosure of such Confidential Material.

8. Prior to the disclosure of any Confidential Material to any person identified in paragraphs 7(b), (c), (d), (f), or (g) hereof, the party proposing to make such disclosure shall furnish the proposed recipient with a copy of this Protective Order inform such person that he or she is bound by the terms hereof, and specifically draw such person's attention to paragraphs 7 and 8 hereof. All persons who are provided with Confidential Material pursuant to paragraphs 7 and 8 hereof are bound, to the fullest extent permissible under law, by the provisions of this Protective Order.

9. Counsel of record for any party may designate Confidential Material which counsel in good faith believes should not be shown to opposing parties or their officers, directors or employees because of its commercial sensitivity as "Confidential Materials–Attorneys' Eyes Only." Any material so designated, and any summaries, copies, extracts or other documents derived in whole or in part from such materials, shall be used only for the conduct of this litigation, and shall not be used or disclosed to any person or entity for any other purpose, including, without limitation, any business, proprietary or commercial

purpose. Such Confidential Materials–Attorneys' Eyes Only, may not be disclosed to any entity or person other than those identified in subparagraphs 7(a), 7(c), 7(d), 7(e), 7(f) and 7(g) hereof, subject to full compliance with paragraphs 8, 11,12 and 13 hereof. As an alternative to the Attorneys' Eyes Only designation, counsel may, in good faith, redact certain portions of Confidential Material because of their commercial sensitivity so long as the redaction is of matters that are not relevant to any issue in this litigation and provide no information that may reasonably lead to the discovery of admissible evidence. Any redaction shall be clearly marked as being redacted, and counsel shall provide a separate description of the matters that were redacted. A party may object to any redaction and may seek the Court's ruling on the propriety of the redaction. Notwithstanding anything contrary herein, matters that are of direct relevance to the issues in this case (such as financial information needed to calculate damages) shall not be designated as "Attorney' Eyes Only" or redacted.

10. If counsel for any party should conclude that, for the purpose of this action, such party needs to disclose any Confidential Material or Confidential Material—Attorneys' Eyes Only, or information derived therefrom, to any person not described in subparagraphs 7(a), 7(c), 7(d), 7(e), 7(f) and 7(g) of this Order, counsel for such party must request permission from counsel for the designating party in writing and state the purpose of the disclosure. If the designating party objects to the proposed disclosure within ten (10) days of receipt of such request, no such disclosure shall be made unless the Court, upon properly noticed motion and for good cause shown, orders otherwise. However, each party may disclose its own Confidential Material to any person without regard to this Order.

11. Disclosure of Confidential Material may be made for clerical purposes to third party vendors for purposes such as copying, production of demonstrative exhibits, or other manipulation of Confidential Material for use in discovery or at trial under circumstances where no Confidential Material remains with that third party vendor following completion of the clerical task; provided, however, that counsel of record for the

STIPULATION FOR PROTECTIVE ORDER

Case No. CIV12-2265 PA (AGRx)

CHAMBER'S COPY

disclosing party shall ensure that such third party vendor shall take appropriate steps to protect the confidentiality of such Confidential Material at all times it is in such third party vendor's possession, custody of control.

12. Nothing will be accepted for filing under seal with the Court without separate prior order by the judge before whom the hearing or proceeding will take place. Such order must be brought by *ex parte* application by the affected party with appropriate notice to opposing counsel in compliance with Local Rule 79-5. [AGR]

13. A party seeking a sealing order must provide the Court with: i) a specific description of particular documents or categories of documents they need to protect; and ii) affidavits showing sufficient cause to protect those documents from disclosure. [AGR]

~~14. In addition to complying with the procedures set out in paragraphs 12 and 13 hereof, any party seeking to submit Confidential Material or Confidential Material—Attorneys' Eyes Only, to the Court shall comply with all Local Rules and Court Orders respecting the submission of such materials.~~

15. No individual shall make copies, extracts or summaries of Confidential Information except under the supervision of counsel when, in the judgment of counsel, such copies or other papers are necessary for the conduct of this litigation. Each such copy or other paper shall be conspicuously marked as required under paragraph 5 hereof. Counsel and all persons to whom Confidential Material or Confidential Material—Attorneys' Eyes Only, is disclosed shall take all reasonable and appropriate precautions to avoid loss and/or inadvertent disclosure of such material.

16. The party receiving Confidential Material or Confidential Material — Attorneys' Eyes Only, will handle copies of said material as follows:

    (a) Any copies of the confidential material or portion thereof must be recorded in a copy log;

    (b) Each such copy must be identified in the copy log by:

        (i) a copy number;

STIPULATION FOR PROTECTIVE ORDER

Case No. CIV12-2265 PA (AGRx)

CHAMBER'S COPY

Case 2:12-cv-02265-PA-AGR Document 32 Filed 08/15/12 Page 9 of 11 Page ID #:200

1          (ii)    the date the copy was made; and

2          (iii)   the person to whom the copy was provided;

3     (c)   Each such copy will be physically marked with the document number and copy number.

The copy log will be provided to the producing party upon the return and/or at the time of destruction of the confidential materials pursuant to the Stipulated Protective Order.

17.   The parties are entering into this Protective Order without prejudice to the right of any party to bring before the Court in this case at any time the question of whether any particular information is or is not discoverable, privileged or relevant to any issue in this case, or whether any particular document or information may properly be designated as Confidential Material or Confidential Material—Attorneys' Eyes Only, under the terms of this Protective Order. Any challenge to any designation of Confidential Material or Confidential Material--Attorneys' Eyes Only shall be made by properly noticed motion in this case; the party challenging such designation shall bear the burden of demonstrating that the information or materials designated as Confidential Material or Confidential Material—Attorneys' Eyes Only do not constitute trade secrets or confidential information. Nothing in this Protective Order shall be construed as a waiver of any party's right to object on any grounds whatsoever to any requests for discovery or as an agreement by the parties to produce any documents or to supply any information. This Protective Order is without prejudice to the right of any party to seek modification of this Order at any time. It shall remain in effect until such time as it is modified, amended or rescinded by the Court.

16.   In the event that any Confidential Material or Confidential Material—Attorneys' Eyes Only, is used in any court proceeding in this action, ~~it shall not lose its confidential status through such use, and~~ the party using such shall take all reasonable precautions to maintain its confidentiality during such use, including, but not limited to, filing with the Court a motion or application for an order sealing the record.

17.   Except as may be agreed otherwise by the parties, but in any event not later

9

STIPULATION FOR PROTECTIVE ORDER

Case No. CIV12-2265 PA (AGRx)

CHAMBER'S COPY

1 | than ninety (90) days after final resolution of this litigation, whether by settlement, final
2 | judgment or final ruling or order on appeal, all copies of Confidential Material or
3 | Confidential Material—Attorneys' Eyes Only, obtain from other parties or non-parties
4 | shall be returned to the producing party or destroyed.
5 |   18.   At the time of such return, counsel returning or destroying Confidential
6 | Material or Confidential Material—Attorneys' Eyes Only, to the producing party shall
7 | certify in writing to counsel for the producing party that all such Confidential Material or
8 | Confidential Material—Attorneys' Eyes Only, have been returned to the producing party
9 | or destroyed. All parties shall destroy or continue to protect from disclosure under the
10 | terms of this Order all other Confidential Material or Confidential Material—Attorneys'
11 | Eyes Only, including copies of materials filed with the Court and all work product
12 | containing information derived from Confidential Material or Confidential Material—
13 | Attorneys' Eyes Only.
14 |   19.   Parties appearing in this action subsequent to the date of the issuance of this
15 | Protective Order shall be bound by its terms, except that any party desiring to object to any
16 | of the terms of this Protective Order, or to seek modification of, or exemption from any
17 | provision of this Order may make appropriate application to the Court. A copy of this
18 | Protective Order shall be provided to a new party within ten (10) days of such party's first
19 | appearance in this case.
20 |   20.   This Order shall survive the final termination of this action~~, and this Court~~
21 | ~~shall retain jurisdiction of all matters pertaining to this Protective Order.~~

AGR

22 |   21.   The parties hereto jointly request that this Court enter its order approving this
23 | Stipulated Protective Order. The parties hereto further agree that they shall cooperate with
24 | each other in order to submit this Stipulated Protective Order to the Court for its approval
25 | and that they shall execute such other and further instruments and documents as are
26 | necessary or appropriate in order to give effect to this Stipulated Protective Order and its
27 | intent, and to obtain the approval of this Stipulated Protective Order by the Court.
28 | / / /

22. In accordance with Local Rule 5-4.3.4(a)(2)(i), all signatories listed on this Stipulation for Protective Order, and on whose behalf the this Stipulation is submitted, concur in its content and have authorized its filing.

IT IS SO STIPULATED AND AGREED.

Dated: August 14, 2012        **LEE, HONG, DEGERMAN, KANG & WAIMEY**

By: /s/ Matthew J. Soroky
    Peter Y. Lee
    Matthew J. Soroky
    Attorneys for Plaintiff EHY, Inc.

Dated: August 14, 2012        **WHITE AND WILLIAMS, LLP**

By: /s/ Justin E. Proper
    Lawrence J. Bistany
    Justin E. Proper
    Attorneys for Defendants Jung Woo Metal Industries Co., Ltd. and Nung Won Metal Industries Co., Ltd.

Dated: August 14, 2012        **WAXLER CARNER BRODSKY LLP**

By: /s/ Scott K. Murch
    Andrew J. Waxler
    Scott K. Murch
    Attorneys for Defendants Jung Woo Metal Industries Co., Ltd. and Nung Won Metal Industries Co., Ltd.

IT IS SO ORDERED.
DATED: 8/20/2012
/s/ Alicia G. Rosenberg
UNITED STATES MAGISTRATE JUDGE